## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL R BYNUM, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00799-SRW |
| | ) | |
| CITY OF BRIDGETON POLICE, | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motions of self-represented plaintiff Darryl R Bynum, Jr. for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motions and the financial information submitted in support, the Court grants the motions and orders plaintiff an initial partial filing fee of $169.36. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action for failure to state a claim.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

 Plaintiff has filed two motions to proceed without prepaying the filing fee and costs. *See* ECF Nos. 3 and 6. Attached to his second motion is a ledger from the Sheridan Correctional Center from December 18, 2023 through May 5, 2024. During this five-month period, plaintiff had deposits totaling $846.81. Based on this information the Court will assess an initial partial filing fee of $169.36, which is twenty percent his average monthly deposits. *See* 28 U.S.C. § 1915(b)(1)(a).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

2

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On May 14, 2024, plaintiff Darryl R. Bynum, Jr., filed this action on the Court's Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. Plaintiff indicates he is an inmate housed at the Sheridan Correctional Center in Sheridan, Illinois. He brings his claims against the Bridgeton Police Department.

Plaintiff states that on January 3, 2022, the mother of his child falsely claimed to the Bridgeton Police Department that plaintiff had assaulted her. He states that he owned a mobile home near his employer in Bridgeton, Missouri. On many occasions he had called 911 to report things being stolen from his home. He states that during one of these calls he told the 911 operator that the management of the mobile home park had complained to him about the prostituting and drug selling at his mobile home. On January 3, 2022, he dialed 911 in an attempt to get three individuals to leave his home.

He states that Bridgeton Police responded to the call and arrested and charged him, although he does not state the charges. He states that he lost his job and home, but the charges

were eventually dismissed. He states that he has been homeless ever since these charges were dropped. After he was released, he lived at the Society of St. Vincent de Paul homeless shelter in East St. Louis, Illinois. He states that he eventually began selling drugs and armed himself for protection.

Plaintiff states that the false charges resulted in the loss of his career, the loss of his home, loss of income, and his eventual incarceration in Sheridan Correctional Center. For damages, petitioner wants $90,000 for the loss of his home, $270,000 for one year of lost wages, and a "settlement" of $45,000.

## Discussion

Plaintiff's claims against the Bridgeton Police Department are subject to dismissal because the Bridgeton Police Department is not a distinctly suable entity under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark*., 974 F.2d 81, 82 (1992); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department because they are not suable entities). Consequently, plaintiff's complaint fails to state a claim against the Bridgeton Police Department.

Even if the City of Bridgeton was substituted for the Bridgeton Police Department, plaintiff's complaint still fails to state a claim for relief against this defendant. Unlike a claim against a police department, a local governing body such as the City of Bridgeton can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation resulted from (1) an official

4

policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Here, plaintiff provides no allegations that the City of Bridgeton had an unconstitutional policy or custom that made the municipality liable for any alleged violations of his constitutional rights. Indeed, there is no mention of any policy or custom anywhere in the complaint, and there are no allegations regarding a pattern of similar constitutional violations by Bridgeton police officers. Although the Bridgeton Police Department is mentioned in the "Statement of Claim," the "Statement of Claim" lacks any facts relative to an unconstitutional custom, policy or failure to train. Therefore, plaintiff's claims against the Bridgeton Police Department must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for leave to proceed in forma pauperis are **GRANTED**. [ECF Nos. 3 and 6]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $169.36 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice because the complaint fails to state a claim upon which relief can be granted.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 28th day of  June, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE